UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL CRAIG RUNNELS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-61 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is incarcerated at the McConnell Unit, in Beeville, Texas. On January 28, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary proceeding.[1] (D.E. 1). Petitioner is not challenging the validity of his underlying conviction, but Petitioner claims that his due process rights were violated by the prison disciplinary proceeding which occurred during the period of incarceration.

On May 5, 2015, Respondent filed a Motion for Summary Judgment. (D.E. 14). Petitioner filed a response on May 26, 2015.[2] (D.E. 18). For the reasons stated below, it

---

[1] A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

[2] While Petitioner titles the document a "Motion to Strike Respondent's Motion for Summary Judgment," a review of the document indicates it is more accurately titled a Response to the pending Motion for Summary Judgment. (D.E. 18). Therefore, the Clerk of Court is **instructed** to docket this filing as a Response.

is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**.

## I.      JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was incarcerated in Bee County, Texas, which is located within the Corpus Christi Division of the Southern District of Texas, at the time of the disciplinary charge.  28 U.S.C. § 124; 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.     BACKGROUND

Petitioner does not challenge the underlying conviction but instead challenges a disciplinary case conviction.[3]  In case number 20140331661, Petitioner was charged with threatening to inflict harm on an officer, a level 1, code 4.0 violation, and refusing orders, a level 2, code 24 violation.[4]  (D.E. 14, p. 3).  The punishment included (1) loss of forty-five days of commissary, recreation, and property privileges, (2) reduction in line class from L2 to L3, and (3) loss of 364 days good-time credits.  (D.E. 18, p. 3).

---

[3] On February 8, 1995, Petitioner was convicted of aggravated robbery by the 24th Judicial District Court of Victoria County, Texas and sentenced to sixty years imprisonment.  On August 8, 1997, Petitioner was convicted of assaulting a public servant by the 156th Judicial District Court of Bee County and sentenced to eight years imprisonment.  On August 29, 2000, Petitioner was convicted of possession of a deadly weapon by the 278th Judicial District Court of Walker County, Texas, and sentenced to four years imprisonment.  All three sentences are to run consecutively for a total sentence of 72 years imprisonment.  (D.E. 15).

[4] TDCJ-CID, Disciplinary Rules and Procedures for Offenders can be accessed at <http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_ English.pdf>.

Petitioner responded to the disciplinary conviction by filing a Step-One Grievance which was denied. Petitioner filed a Step-Two Grievance on September 22, 2014. The Step-Two Grievance was denied on October 17, 2014. (D.E. 1).

On January 28, 2014, Petitioner filed the pending petition alleging (1) he was denied an impartial decision-maker, (2) he received ineffective assistance of counsel, (3) his equal protection rights were violated, and (4) there was insufficient evidence to support a guilty verdict. (D.E. 1). In the pending Motion for Summary Judgment, Respondent argues that at least one of Petitioner's claims is barred by failure to exhaust administrative remedies, and all of Petitioner's claims fail to state proper grounds for federal habeas corpus relief. (D.E. 14). Petitioner filed a response, re-stating and elaborating on his original petition. (D.E. 18). Even accepting Petitioner's claims as true, he is not entitled to habeas corpus relief for reasons stated below. Therefore, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's claim for habeas corpus relief be **DISMISSED**.

### III. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Thus, in order to state a claim for federal habeas corpus relief Petitioner must establish a constitutional violation.

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state laws may create a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release. *Id*. To establish a constitutional violation Petitioner must show that he has a constitutional expectancy of early release.

Respondent alleges that at least one of Petitioner's claims are barred because of failure to satisfy the exhaustion requirements of 28 U.S.C. § 2254(b). (D.E. 14, pp. 5-7). Although a claim may be dismissed for failure to exhaust administrative remedies, a federal court may also address claims on the merits. *See* 28 U.S.C. § 2254(b)(2); *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Therefore, the merits of claim are addressed below.

## IV.   SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions. Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). Considering these standards, the undersigned has reviewed the merits of the Petitioner's claims and Respondent's Motion for Summary Judgment.

V. **DISCUSSION**

A. **Loss of Good-Time Credits**

Petitioner argues that loss of good-time credits amounts to a due process violation. Prisoners are not wholly stripped of all constitutional protections when imprisoned. *Wolff*, 418 U.S. at 555. A prisoner's constitutional rights are set forth in the Due Process Clause of the Fourteenth Amendment. However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-4 (1995). These interests are generally limited to sanctions that affect the quantity of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

In Texas, mandatory supervision may create a "constitutional expectancy" of early release. *Malchi*, 211 F.3d at 957. However, Petitioner was convicted of aggravated robbery in violation of Section 29.03(a)(2), and is ineligible for mandatory supervision. TEX. PEN. CODE ANN. § 29.03(a)(2); *See* TEX. GOV'T CODE § 508.149(a)(12) (stating that

an inmate may not be released to mandatory supervision if the inmate was convicted of a felony under Section 29.03). Therefore, as Petitioner is not eligible for mandatory supervision he has no constitutional expectancy of early release.

For prisoners not eligible for mandatory supervision, good-time credits only apply toward eligibility for parole. TEX. GOV'T CODE ANN. § 498.003. It is well established that eligibility for parole is not a constitutionally protected interest. *See Madison* 104 F.3d at 768. Because release on parole is entirely speculative there can be no constitutional expectancy of parole in Texas. *Id*.

Petitioner argues that, although he is ineligible for mandatory supervision, good-time credits may be used for more than just early release. Petitioner analogizes good-time credits to money claiming they may be used to transfer prisons or to enroll in religious and educational programs. (D.E. 18, p. 7). However, loss of access to educational programs and prison transfers are mere changes in conditions of confinement which do not implicate due process concerns. *See Madison*, 104 F.3d at 768.

A disciplinary action resulting in loss of good-time credits only affects eligibility for parole, and does not affect a constitutionally protected interest. Furthermore, the Fifth Circuit has ruled that if an inmate is not eligible for mandatory supervision, he "does not have a constitutional claim for which relief can be granted." *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Loss of good-time credits does not support a constitutional claim, and therefore, Petitioner is not entitled to federal habeas corpus relief.

### B. Other Sanctions

The disciplinary hearing resulted in other sanctions, including (1) forty-five days loss of commissary, recreation, and property privileges and (2) reduction in line class from L2 to L3. (D.E. 18, p. 3). Petitioner alleges due process violations of ineffective assistance of counsel and denied access to an impartial decision-maker during the disciplinary hearing.

The sanctions against Petitioner are changes in the conditions of confinement. The Due Process Clause does not protect every adverse change in the conditions of confinement. *Sandin*, 515 U.S. at 478. Mere changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison,* 104 F.3d at 768. Commissary and recreation limitations and adjustments to a prisoner's classification are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958.

The restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. Furthermore, the Fifth Circuit has ruled that a prison inmate does not have a right to counsel at a prison disciplinary hearing. *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976). Therefore, sanctions imposed on Petitioner do not implicate due process concerns and do not require federal habeas corpus relief.

## VI. CERTIFICATE OF APPEALABILITY

An appeal from the final order in a habeas corpus proceeding may not be taken to the Court of Appeals, "unless a circuit justice or judge issues a certificate of

appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability ("COA") will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The district court is in the best position to determine if the petitioner has made a substantial showing, therefore, it is recommended that the district court rule on Petitioner's relief *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

Respondent's Motion for Summary Judgment requests that Petitioner's claim be denied on the merits. The COA determination under Section 2253(c) requires an overview of the habeas petition and a general assessment the merits. *Miller-El*, 537 U.S. at 336. As to claims rejected solely on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner must show that issues are debatable among reasonable jurists, and courts could resolve the issues differently. *Alexander*, 211 F.3d at 896.

In this case, reasonable jurists would not debate the dismissal of the federal writ of habeas corpus under Section 2254, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended that the Court not issue a COA.

## VII. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 14) be **GRANTED** and Petitioner's application for

habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 15th day of June, 2015.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).