Case 2:15-cv-00061   Document 28   Filed in TXSD on 02/11/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL CRAIG RUNNELS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:15-CV-61 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

In his petition for a writ of habeas corpus under 28 U.S.C. § 2254, Michael Craig Runnels ("Runnels" or "Petitioner"), Texas prisoner number 698369, challenges his conviction for prison disciplinary offenses in case number 20140331661. D.E. 1 at 5. The Court has before it Respondent's motion for summary judgment, D.E. 14; Petitioner's response, D.E. 18; and the Memorandum and Recommendations of the magistrate judge to whom this case was referred under 28 U.S.C. § 636(b), D.E. 19 ("M&R"). No party has filed objections to the magistrate judge's proposed findings and recommendations, and the deadline for doing so has passed. *See* 28 U.S.C. § 636(b)(1) (setting 14-day deadline to file objections); Fed. R. Civ. P. 72(b)(2) (same); *see also* M&R 10, D.E. 19 (advising parties of 14-day deadline). For the reasons that follow, the Court grants the motion for summary judgment.

I. Background

A document entitled Commitment Inquiry for Runnels dated February 25, 2015 attached to Respondent's motion for summary judgment states that Runnels is serving three consecutive sentences as follows:

| Offense | Mandatory Supervision? | Cause Number | Offense Date | County | Sentence Date | Length of Sentence |
|---|---|---|---|---|---|---|
| Agg Robbery | No | 94-8-18, 857-A | 7/25/1994 | Victoria | 2/8/1995 | 60 years |
| Assault on a Public Servant | Yes | B-96-M019-0-PR-B | 4/1/1996 | Bee | 8/8/1997 | 8 years |
| Poss of a D/Weapon in Penal | No | 20, 938-C | 8/29/2000 | Walker | 8/29/2000 | 4 years |

D.E. 15 Ex. A at 4–5; *see also id.* at 1–3 (providing key to abbreviations used in table). Runnels lists only his conviction dated February 8, 1995, as the offense for which he is incarcerated in his § 2254 application. D.E. 1 at 2. In his response to the pending motion for summary judgment, however, Runnels confirms that he is serving consecutive sentences for all three convictions. D.E. 18 at 2.

On July 25, 2014, a Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") disciplinary hearing officer conducted a hearing and found Runnels guilty of threatening to inflict harm on an officer and refusing or failing to obey an order. D.E. 13-2 at 2 (state disciplinary hearing record). As punishment, Runnels lost 364 days of good-time credit and 45 days of property, commissary, and recreation privileges; his line class was also reduced from L-2 to L-3. *Id.* Runnels filed step one and step two grievances, both of which were denied. D.E. 13-1 at 3, 5.

After the M&R was entered, Runnels filed a notice of appeal. D.E. 21. The United States Court of Appeals for the Fifth Circuit dismissed the resulting appeal for lack of appellate jurisdiction on October 27, 2015. *Runnels v. Stephens*, No. 15-40908, Slip Op. at 1, D.E. 27. Runnels did not file objections to the M&R before or after the Fifth Circuit disposed of his appeal.

## II. Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), a magistrate judge may conduct proceedings and issue proposed findings and recommendations for disposition of dispositive matters that have been referred to him. Objections to proposed findings and recommendations are due within 14 days, and the district court must determine portions of the proposed findings and recommendations to which objection is made de novo. *Id.*; Fed. R. Civ. P. 72(b)(3) (requiring de novo review of "any part of the magistrate judge's disposition that has been properly objected to"); *see also id.* R. 72(b)(2) (giving other parties 14 days to respond to objections). Objections under this procedure "narrow the dispute" and allow a district judge "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 & n. 6, (1985). Although "the statute does not require the [district] judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Id.* at 154. Federal Rule of Civil Procedure 72(b) does not on its face require any review of unobjected-to proposed findings and recommendations of a magistrate judge. The 1983 Advisory Committee Note promulgated at the adoption of Rule 72 states that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." A standard of review applicable to factual findings, "[c]lear error exists when 'although there may be evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (quoting *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F. 3d 793, 796–97 (5th Cir. 2007)) (other citations and alteration omitted). Regardless of the presence of objections, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). This is because only the presiding district judge possesses the power definitively to decide dispositive matters under § 636(b)(1), and she "has the authority, if not the duty, to

make a correct final determination." *Sweeney v. Astrue,* 796 F. Supp. 2d 827, 830 (N.D. Tex. 2011) (citations omitted). Therefore, this Court ordinarily considers the entire record and reviews unobjected-to proposed findings of fact for clear error and retains the authority to consider unobjected-to legal conclusions de novo.

### III. Summary Judgment Standard

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted); *see also id.* at 764–65 ("[N]othing in Clark's briefing convinces us that summary judgment is not otherwise appropriate in habeas corpus cases filed pursuant to 28 U.S.C. § 2254."). Summary judgment is appropriate when the movant establishes that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable [fact finder] could return a verdict for the non-movant." *Piazza's Seafood World*, 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must view all evidence in the light most favorable to the non-moving party. *Id.* (citation omitted); *Lockett*, 337 F. Supp. 2d at 891 (citation omitted). Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc, per curiam). Thus, the Court will not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)) (emphasis removed); *see also TIG Ins. Co. v. Eagle, Inc.*, Civ. A. No. 05-0179, 2007 WL 861153, at *2 (E.D. La. Mar. 19, 2007) (quoting *Little*, 37 F.3d at 1075).

The non-movant has no duty to respond to a motion for summary judgment until the moving party carries its initial burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)). However, if the movant carries its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Id.*; *see also Ashe*, 992 F.2d at 543. The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891 (citation omitted). Rather, it must cite specific facts identifying a genuine issue to be tried in order to avoid summary judgment. *See* Fed. R. Civ. P. 56(e); *Piazza's Seafood World*, 448 F.3d at 752 (citation omitted); *Lockett*, 337 F. Supp. 2d at 891 (citation omitted). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### IV. Analysis

Under Texas law, a TDCJ inmate can become eligible for release in two ways: "The first is by parole and the second is under a mandatory supervised release program." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). While "[t]he parole panel must release an inmate on mandatory supervision when his calendar time plus accrued good-conduct time equals the maximum term to which he was sentenced, . . . [r]elease on parole . . . is discretionary with the panel." *Coleman v. Dretke*, 395 F.3d 216, 219 n.1 (5th Cir. 2004) (citing Tex. Gov't Code §§ 508.147(a), 508.001(6), 508.141 (Vernon 2004)); *see also* Tex. Gov't Code § 508.001(5), (6) (West 2015) (defining "mandatory supervision" as "the release of an eligible inmate

sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division" and "parole" as "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division"). The Fifth Circuit has described the title of Texas's mandatory-supervision scheme after it was amended September 1, 1996, as "something of a misnomer." *Boss v. Quarterman*, 552 F.3d 425, 427 (5th Cir. 2008). A person released on mandatory supervision "is considered to be on parole." *Coleman*, 395 F.3d at 219 n.1 (citing Tex. Gov't Code § 508.147(b) (Vernon 2004)); *accord*. Tex. Gov't Code § 508.147(b) (West 2015)). Under the 1996 mandatory-supervision scheme, the parole panel has "a 'modicum of discretion' to deny release if it determines that '(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public.' " *Boss*, 552 F.3d at 427 (quoting *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007) in first quotation and Tex. Gov't Code § 508.149(b) in second); *see also* Tex. Gov't Code § 508.149(b) (West 2015) (same two circumstances). This discretion notwithstanding, the Fifth Circuit has held that a prisoner eligible for mandatory supervision under Texas law has a liberty interest protected by the Due Process Clause triggered by the deprivation of good-time credits. *Teague*, 482 F.3d at 777 ("Teague thus has a protected liberty interest in his previously earned good-time credits under either the pre or post-September 1, 1996 mandatory supervision scheme . . . ."); *see also id.* at 779 (rejecting de minimis test for deprivation of good-time credits because "once [a Texas inmate]'s thirty days of good-time credit are taken away without due process protection, his sentence inevitably will be thirty days longer"); Tex. Gov't Code § 498.004(a) (West 2015) ("The department may not restore good conduct time forfeited under this subsection but may reinstate good conduct time suspended under this subsection."); *Boss*, 552 F.3d at 427 (recognizing that *Teague* holds that "mandatory-supervision scheme creates an 'expectancy of release'; [sic] a protected

liberty interest that Texas may not deprive an inmate of without the requisite due process").

The M&R proposes that the Court conclude that Runnels's loss of 364 days of good-time credit does not entitle him to habeas relief because he is ineligible for release to mandatory supervision. M&R 5–6 (citing *Arnold v. Cockrell,* 306 F.3d 277, 278 (5th Cir. 2002) and *Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000)). The record shows that Runnels is serving three consecutive sentences imposed on different dates. D.E. 15 Ex. A at 4–5. On February 8, 1995, Runnels received the first of these sentences: a 60-year term of imprisonment after being convicted of first-degree aggravated robbery in violation of Tex. Pen. Code § 29.03(a). *Id.* at 4. A first degree felony under § 29.03(a) does not qualify for mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(12) (Vernon 2013). "An inmate serving consecutive sentences, . . . . cannot be released into mandatory supervision until he reaches the last sentence to be served in the series." *Oliver v Thaler*, Civ. A. No. H-12-3540, 2013 WL 3207696, at *4 (S.D. Tex. June 21, 2013) (citing *Ex parte Ruthart*, 980 S.W.2d 469, 471 (Tex. Crim. App. 1998)). Therefore, regardless of whether Runnels's two subsequent offenses are eligible for mandatory supervision standing alone,[1] his February 8, 1995, conviction renders him ineligible for mandatory supervision once he begins serving those sentences.[2] Tex. Gov't Code § 508.149(a)(12) ("An inmate may not be released to mandatory supervision if the inmate is serving a sentence for *or has been previously convicted of* . . . a first degree felony under Section 29.03, Penal Code.") (emphasis added)); *see also* Tex.

---

[1] In his motion for summary judgment, Respondent cites a repealed statute, Tex. Crim. Pro. art. 42.18 repealed Sept. 1, 1997, by Acts 1997, 75th Leg., ch. 165, § 12.22, for the proposition that Runnels's August 29, 2000, conviction for possession of a dangerous weapon in a penal institution in violation of Tex. Pen. Code § 46.10 does not qualify for mandatory supervision. D.E. 14 at 11. Runnels's Commitment Inquiry dated February 25, 2015, however, lists this offense as ineligible for mandatory supervision. *See* D.E. 15 at 5. The Court need not and therefore does not reach this question.

[2] *Oliver* presented the inverse scenario: the petitioner's first consecutive conviction was individually eligible for mandatory supervision but his subsequent convictions for which he was serving consecutive sentences were ineligible. *See* 2013 WL 3207696 at *4.

Pen. Code § 29.03(b) (West 2015) (stating that aggravated robbery in violation of § 29.03(a) is a first-degree felony).

## V. Conclusion

For the foregoing reasons and after reviewing the record in its entirety, the Court finds no clear error in the M&R; **GRANTS** Respondent's Motion for Summary Judgment, D.E. 14; and **DISMISSES** Runnels's § 2254 petition, D.E. 1. The Court denies Runnels a certificate of appealability.

It is so ORDERED.

SIGNED this 11th day of February, 2016.

_____
Hilda Tagle
Senior United States District Judge